IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

JOB H. VAN LEUSDEN

    Debtor

:   CHAPTER 13
:   CASE NO. 12-12493
:
:
:
:   (  ) ORIGINAL PLAN
:   (x)  AMENDED PLAN (4th)
:

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE: (Check one)**

( x )        The debtor will seek a discharge of debts pursuant to Section 1328(a).

(   )        The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISION: (Check if applicable)**

(   )        This plan contains special provisions that are not included in the standard plan as Recommended by the Chapter 13 Standing Chapter 13 Trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1.    PLAN FUNDING AND LENGTH OF PLAN**

    A.    Debtor has made 14 payments in the amount of $2,003.12 for the months of April of 2012 through May of 2013 totaling $28,043.68. Beginning on June 7, 2013 Debtor will make payments in the amount of $2,767.40 for 46 months totaling $127,300.57.

{00544424 }

B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale of property (describe property) _____
All sales will be completed by _____
Other lump sum payments shall be paid to the Trustee as follows:
_____
_____
An additional payment was paid to the Trustee on May 6, 2013 as follows: Debtor's nonexempt personal injury settlement proceeds in the amount of $21,910.41.

C. **For amended plans:**

(1) The plan payments by the debtor shall consist of the total amount previously paid ($28,043.68) added to the new monthly payment in the amount of $2,767.40 for the remaining 46 months of the plan for a total base amount, as amended, of $149,210.98 plus an additional payment in the amount of $21,910.41 as stated in Paragraph B above for a total Plan amount of $177,254.66.

(2) The payment amount shall change effective June 7, 2013.

(3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

D. The debtor is responsible for funding the plan.

## 2. SECURED CLAIMS

A. Adequate Protection Payments under Section 1326. Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account # | Payment |
|---|---|---|---|
| NONE | | | $ |
| | | | $ |

B.  **Mortgages and Other Direct Payments by Debtor.** Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditors | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| America's Servicing | 800 N. 11th Street | $506.88 | $29,943.16 | n/a |
| Bank of America transferred to Green Tree Servicing eff. 4-1-13 | 300 Chestnut Street | $913.48 | $79,907.96 | n/a |
| Bank of America | 2731 Lower Lake Road | $1,364.46 | $107,509.97 | n/a |
| Bank of America | 331 Wyomissing Avenue | $690.70 | $101,327.48 | n/a |
| Chase Home Mortgage | 325 Miller Road | $1,577.78 | $123,520.47 | n/a |
| M&T Bank | 325 Miller Road | $130.00 | $50,011.04 | n/a |
| TLM Financial, LLC | 300 Chestnut Street | $552.49 | $30,000.00 | n/a |
| Seterus | 1031 Spruce Street | $398.39 | $40,000.00 | n/a |
| JP Morgan Chase Bank, N.A. | 207 S. 4th Street | $427.06 | $45,772.00 | n/a |
| Bank of America | 522 N. 10th Street | $434.89 | $54,500.00 | n/a |
| Bank of America | 217 S.4th Street | $343.82 | $38,000.00 | n/a |
| Bank of America | 219 S.4th Street | $332.56 | $34,000.00 | n/a |
| Honda | Automobile (Honda Fit) | $353.07 | $10,486.79 | n/a |

C.  Arrears

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Berks County Tax Claim Bureau | Taxes due on Real Estate | $7,298.92 | n/a | $7,298.92 |
| City of Reading | Taxes due on Real Estate | $1,185.26 | n/a | $1,185.26 |
| City of Reading | Taxes due on Real Estate | $3,050.51 | n/a/ | $3,050.51 |
| City of Reading | Taxes due on Real Estate | $394.09 | n/a | $394.09 |
| City of Reading | Taxes due on Real Estate | $155.09 | n/a | $155.09 |
| City of Reading | Taxes due on Real Estate | $274.59 | n/a | $274.59 |
| City of Reading | Taxes due on Real Estate | $393.77 | n/a | $393.77 |
| JP Morgan Chase Bank | 207 S. 4th Street | $4,570.17 | n/a | $4,570.17 |
| Bank of America | 331 S. Wyomissing Avenue | $8,829.41 | n/a | $8,829.41 |
| America's Servicing Co. | 800 N. 11th Street | $6,227.50 | n/a | $6,227.50 |
| Bank of America | 522 N. 10th Street | $5,67.10 | n/a | $5,167.10 |
| Bank of America | 217 S.4th Street | $5,217.08 | n/a | $5,217.08 |
| Bank of America | 219 S.4th Street | $4,290.13 | n/a | $4,290.13 |
| Bank of America | 300 Chestnut Street | $2,531.31 | n/a | $2,531.31 |

{00544424 }

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE, WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion or Adversary Action |
|---|---|---|---|---|---|
| None | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

E. <u>Other Secured Claims:</u>

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Honda | Automobile | $10,486.79 | n/a | No |

F. <u>Surrender of Collateral:</u>

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Bank of America | 2136 Perkiomen Avenue |
| Bank of America | 1034-1036 Spring Street |

G. <u>Lien Avoidance.</u> The debtor(s) will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| NONE | |
| | |
| | |

**3.     PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| Account Recovery Bureau | $390.50 |

{00544424 }

B. <u>Administrative Claims:</u>

(1) Trustee Fees.   Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees.   In addition to the retainer of $2,404.00 already paid by the debtor, an approved by Court in Debtor Counsel's Final Fee Application in the plan.

**4.   UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| None | | $ | % | $ |
| | | $ | % | $ |

B. <u>Claims of General Unsecured Creditors.</u> Shall be paid a pro rata portion of any remaining Plan funds.

C. <u>Funding</u> (check one)

    **Pro rata**

D.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| NONE | | $ | % | $ | **$** | |
| | | $ | % | **$** | **$** | |

{00544424 }

**6.      OTHER PLAN PROVISIONS:**




**7.      ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.


**8.      REVESTING OF PROPERTY: (Check One)**

( x )      Property of the estate will vest in the debtor upon confirmation.
(   )      Property of the estate will vest in the debtor upon closing of the case.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

5. If this plan is confirmed prior to the bar date for the filing of proofs of claim, and if any claims are filed after such confirmation date, but before the expiration of the applicable proof of claim deadline ("bar date"), debtor agrees, within thirty (30) days after the bar date,

    (a) to notify the standing trustee of any such post-confirmation filed claims which would affect the adequate funding of the plan, and advise as to debtor's intentions with respect to such claims, in writing; and

    (b) within ten (10) days of such notification, either file
        (i) an objection to such claim(s), or
        (ii) a motion to modify the confirmed plan to account for such post-confirmation filed claims.

    If debtor files an objection to such claim(s), and such objection(s) is/are overruled, debtor will promptly file a motion to modify the plan to account for such claim(s).

    If this plan is confirmed prior to the bar date, debtor also agrees that any documents or other requests previously made by the standing trustee shall be fulfilled on or before the bar date.

6. Debtor shall certify compliance with all requirements of 11 U.S.C. § 1328 before the plan shall be deemed completed, and only upon such certification shall the debtor(s) be entitled to a chapter 13 discharge, provided that debtor(s) is/are otherwise eligible, as indicated in the Discharge section above.


Dated: 6-6-13                                          /s/ Charles J. Phillips, Esquire
                                                       Attorney for Debtor

                                                       /s/ Eden R. Bucher, Esquire
                                                       Attorney for Debtor

                                                       /s/ Job H. Van Leusden
                                                       Debtor Job H. Van Leusden

{00544424 }